**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRAVIS HARDEN, # 252251,

        Petitioner,  Case Number: 3:19-cv-13480

v.

WILLIS CHAPMAN,

        Respondent.

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 8) AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Michigan prisoner Travis Harden ("Petitioner") filed this habeas corpus petition under 28 U.S.C. § 2254. Petitioner, who is proceeding *pro se*, challenges a 2017 prison disciplinary conviction which resulted in 20 days loss of privileges. The court holds that Petitioner's claims are not properly raised in a habeas petition and grants Respondent's motion to dismiss. The court also denies a certificate of appealability.

**II. Background**

In 1996, Petitioner was convicted by a Wayne County jury of second-degree murder and sentenced to 20 to 50 years in prison. *See People v. Harden*, No. 199958, 2000 WL 33407197 (Mich. Ct. App. Sept. 1, 2000). His conviction was affirmed on direct appeal. *See id.*, *People v. Harden*, 463 Mich. 988 (Mich. March 27, 2001).

In 2017, Petitioner was charged with a class one misconduct for threatening behavior while incarcerated at the Cotton Correctional Facility. (ECF No. 9-4,

PageID.59.) Following a hearing, Petitioner was found guilty and sanctioned with a loss of privileges for 20 days. (*Id.* at PageID.60.) Petitioner filed a Request for Rehearing, which was denied. (*Id.* at PageID.62-63.)

Petitioner sought judicial review of the misconduct conviction in the Oakland County Circuit Court. The court denied the petition for judicial review. (ECF No. 9-10, PageID.74.) The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal. *Harden v. Russell*, No. 345056 (Mich. Ct. App. May 28, 2019); *Harden v. Russell*, 503 Mich. 1037 (Mich. May 28, 2019).

Petitioner then filed the pending petition for habeas corpus relief. He argues that the prison disciplinary proceeding violated his constitutional rights because he was not permitted to meaningfully question witnesses and because the hearing officer's decision was arbitrary, capricious, and an abuse of discretion. Respondent has filed a motion to dismiss on the ground that these claims are not properly filed in a habeas petition. (ECF No. 8.) Petitioner maintains in his reply brief that a habeas petition is the proper avenue to challenge the disciplinary proceeding because the misconduct conviction impacts the duration of his confinement. (ECF No. 10.)

### III.  DISCUSSION

Petitioner's challenge to his prison misconduct conviction is not properly raised in a habeas corpus petition. A challenge to the "validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). Habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See*

*Thomas v. Eby*, 481 F.3d 434, 438-39 (6th Cir. 2007). Petitioner's claims concerning his prison disciplinary conviction are cognizable in federal habeas corpus only if the disciplinary conviction affected the duration of his sentence, which it did not. *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie 'at the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.] § 1983.") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

Petitioner's disciplinary conviction resulted only in the loss of privileges for 20 days. A prison misconduct conviction which results in the loss of privileges does not impact the duration of a prisoner's sentence. *Johnson v. Unknown Coolman, R.U.O.*, 102 F. App'x 460, 461 (6th Cir. 2004). Because Petitioner's misconduct conviction does not affect the length of his sentence, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). The petition will be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the

3

conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the court denies a certificate of appealability.

## IV.  CONCLUSION

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the motion to dismiss (ECF No. 8) is GRANTED and the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2020, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522